**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **IN THE MATTER OF J.C., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, J.C., AND J.C.,** | ) ) ) | |
| | ) | **No. 3:16-cv-0609** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Sharp** |
| **v.** | ) | **Magistrate Judge Brown** |
| | ) | |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY AND THE TENNESSEE DEPARTMENT OF EDUCATION,** | ) ) ) ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**METROPOLITAN GOVERNMENT'S ANSWER TO COMPLAINT**

Defendant the Metropolitan Government of Nashville and Davidson County ("Defendant") hereby responds to the allegations in Plaintiffs' Complaint as follows:

**I.        PARTIES, JURISDICTION AND VENUE**

1.        Admitted upon information and belief.

2.        The allegations of this paragraph are not directed at this Defendant and thus require no response from this Defendant.

3.        The allegations of this paragraph are not directed at this Defendant and thus require no response from this Defendant.

4.        The allegations in this paragraph are legal conclusions rather than factual averments that this Defendant is required to admit or deny.  To the extent the allegations of this paragraph require a response from this Defendant, they are admitted.

5.        Admitted that Plaintiffs bring suit pursuant to the cited legal authorities.  The remaining allegations of this paragraph are denied.

6.     Admitted that this Court has jurisdiction over the federal claims.  Denied that the Court should exercise jurisdiction over the state law claims.

7.     Admitted that venue is proper in this Court.

8.     The allegations in this paragraph are legal conclusions rather than factual averments that this Defendant is required to admit or deny.  To the extent the allegations of this paragraph require a response from this Defendant, they are denied.

## II.     FACTS

9.     The first sentence of this paragraph is admitted.  It is denied, however, that J.C.  is completely non-verbal.

10.     The allegations in this paragraph are legal conclusions rather than factual averments that this Defendant is required to admit or deny.

11.     Admitted.

12.     Defendant is without sufficient information to admit or deny the allegations of the first sentence of this paragraph and demands strict proof thereof.  The remaining allegations of this paragraph are denied.

13.     Admitted that J.C.'s parents were told that J.C. had self-inflicted bite marks.  The remaining allegations of this paragraph are denied.

14.     Admitted that at some point J.C.'s parents sent him to school with a recording device.  The remaining allegations of this paragraph are denied.

15.     Denied.

16.     Denied.

17.     The first sentence of this paragraph is admitted.  The remaining allegations of this paragraph are denied.

{N0056934.2}

2

18.     Admitted that J.C. was bitten at some point during the school year.   The remaining allegations of this paragraph are denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     The first two sentences of this paragraph are admitted.   Further, this Defendant admits that an automatic notice of truancy is sent to any student who misses a certain number of days in excess of that that is allowable.   The individual schools do not generate such forms and any form in this case was not in response to J.C.'s parents reporting their concerns.   All remaining allegations in this paragraph are denied.

23.     Denied.

24.     The allegations of this paragraph are not directed at this Defendant and this require no response form this Defendant.

25.     The allegations in this paragraph are legal conclusions rather than factual averments that this Defendant is required to admit or deny.

26.     The allegations in this paragraph are legal conclusions rather than factual averments that this Defendant is required to admit or deny.

27.     The allegations of this paragraph do not appear to be directed at this Defendant and this require no response from this Defendant.   To the extent that Defendant is required to answer this paragraph, Defendant would state that the allegations in this paragraph are legal conclusions rather than factual averments that this Defendant is required to admit or deny.

28.     The provisions of the cited Tennessee statute speak for themselves.   To the extent that the allegations of this paragraph are inconsistent therewith, they are denied.

29.     The provisions of the cited Tennessee statute speak for themselves. To the extent that the allegations of this paragraph are inconsistent therewith, they are denied.

30.     The provisions of the cited Tennessee statute speak for themselves. To the extent that the allegations of this paragraph are inconsistent therewith, they are denied.

31.     The allegations of this paragraph are not directed at this Defendant and thus require no response form this Defendant.

32.     The provisions of the form referenced in this paragraph speak for themselves. To the extent that the allegations of this paragraph are inconsistent therewith, they are denied.

33.     The first sentence of this paragraph is admitted. The remaining allegations of this paragraph are not directed at this Defendant and thus require no response form this Defendant.

34.     The allegations of this paragraph are not directed at this Defendant and thus require no response form this Defendant.

35.     The allegations of this paragraph are not directed at this Defendant and this require no response form this Defendant.

36.     Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

37.     The provisions of the reports referenced in this paragraph speak for themselves. To the extent that the allegations of this paragraph are inconsistent therewith, they are denied.

38.     To the extent the allegations of this paragraph are directed at this Defendant, they are denied.

39.     The allegations of this paragraph are not directed at this Defendant and this require no response form this Defendant.

## III.    LEGAL CLAIMS

40.    This paragraph contains no factual averments that this Defendant is required to admit or deny,

41.    Denied.

42.    Denied.

43.    Denied that this Defendant is liable for any state law theory referenced in this paragraph.

44.    It is denied that Plaintiffs are entitled to any of the relief sought.

## **GENERAL DENIAL**

Any allegation not specifically admitted in this Answer to Plaintiffs' Complaint is hereby denied, and strict proof is demanded thereof.

## **GENERAL AND AFFIRMATIVE DEFENSES**

1.    Defendant denies that Plaintiffs are entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2.    No act or omission of Defendant was the proximate cause of any damages claimed by Plaintiffs.

6.    No unconstitutional practice, policy, or custom attributable to the Metropolitan Government was the proximate cause of any injury herein.  Moreover, no policy, custom, or practice of the Metropolitan Government resulted in a violation to Plaintiffs' rights.

7.    To the extent that Plaintiffs' claims are barred by estoppel and/or the applicable statute of limitations, they must be dismissed.

8.     Plaintiffs have failed to exhaust administrative remedies to the extent that the allegations in this Complaint should be brought in the form of an action arising under the Individuals with Disabilities Education Act ("IDEA").

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Defendant prays:

1.     That this be accepted as its Answer herein;

2.     This this cause be dismissed and held for naught;

3.     That all costs and other reasonable fees be charged to and borne by Plaintiffs;

4.     That a jury hear all claims so triable; and

5.     For such other relief as the Court deems appropriate.


Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
JON COOPER (#23571)
DIRECTOR OF LAW

/s/Keli J. Oliver                                    
Keli J. Oliver (#21023)
Melissa Roberge (#26230)
Assistant Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
615-862-6341

{N0056934.2}

6

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via the Court's CM/ECF system to the following:

| | |
|---|---|
| Justin Gilbert | Jessica F. Salonus |
| Gilbert Russell McWherter PLC | Gilbert Russell McWherter PLC |
| 100 W. Martin Luther King, Blvd. | 101 North Highland Ave |
| Suite 504 | Jackson, TN 38301 |
| Chattanooga, TN 37402 | |

on this 13th day of April, 2016.

/s/Keli J. Oliver
Keli J. Oliver

{N0056934.2}

7